UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #:_____ | |
| DATE FILED: 5/16/2021 | |

UNITED STATES OF AMERICA

Case No. 1:14-cr-562

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

JUAN DELGADO

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to

   . If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐      This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of          months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before         , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Delgado's application, Dkt. No. 562, as well as the materials presented to the Court in connection with his sentencing. The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). Mr. Delgado's application does not meet his burden to show extraordinary and compelling circumstances for his release. Mr. Delgado has not established that the two medical conditions described in his application are associated with a substantial increase in the risk associated with COVID-19. The Court also notes the roll-out of a vaccination program by the BOP, which provides Mr. Delgado the opportunity to mitigate any risk associated with the disease. Moreover, assuming, without holding, that Mr. Delgado's health conditions, combined with the circumstances at the facility in which he is incarcerated were sufficient to permit the Court to conclude that extraordinary and compelling circumstances that might support a modification of his sentence exist in this case, after evaluating the factors set forth

in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Delgado's sentence is appropriate at this time. The Court continues to believe that the sentence imposed was, and remains, appropriate, notwithstanding the existence of the COVID-19 pandemic. The Court need not review again here all of the considerations that weighed on it at sentencing. The Court notes, however, that the defendant was in criminal history category V. The Court noted the defendant's extensive criminal history at sentencing and observed that his "history demonstrates that you have been involved in illegal narcotics over a significant period of time at a later stage in life." Sentencing Transcript, Dkt. No. 115, at 21:21-24. The defendant had a prior history of weapons possession. Id. at 22:3-8. In fleeing arrest, he placed other citizen's lives at risk. Id. The Court continues to believe that the sentence imposed is necessary in order to protect the public and to guard against recidivism, among the other factors articulated at length at sentencing.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: New York, New York

May 16, 2021

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE