USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
    UNITED STATES,

                  -v-                                        1:14-cr-562-GHW

    JUAN DELGADO,                          ORDER

                                  Defendant.
----------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

        On July 6, 2021, the Court docketed a motion filed by Juan Delgado, acting *pro se*. The motion requested that the Court order his compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 189 (the "Motion"). The Motion is Mr. Delgado's second application to the Court for compassionate release. The Court denied his first application on May 16, 2021. Dkt. No. 186. That decision is currently on appeal. Dkt. No. 187.

        Mr. Delgado's renewed motion advances one principle reason for modification of his sentence, namely Mr. Delgado's argument that an amendment to the Sentencing Guidelines entitled him to a role reduction, resulting in a lower guidelines range and, potentially, a lower sentence. Motion at 2-3.

        Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)).  As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons."  The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Fundamentally, while the Court has substantial discretion to consider factors that might constitute an "extraordinary and compelling" reason for release, the defendant's dissatisfaction with the outcome of his sentencing in this case is not one.  It is far from extraordinary for a defendant to assert concerns regarding his conviction and sentence.  The defendant had the opportunity to pursue collateral attacks on his conviction and sentence both through his appeal, which was dismissed, Dkt. No. 143, and through a petition of habeas corpus, which was denied, Dkt. No. 156, and sustained on appeal, Dkt. No. 163.  The Court does not believe that the circumstances described permit Mr. Delgado another opportunity to attack collaterally his conviction and sentence under § 3582(a)(1)(A).

Moreover, in considering all of the § 3553(a) factors, the Court does not believe that a reduction in Mr. Delgado's sentence is warranted.  The analysis of the factors under § 3553(a) that

supported the Court's prior denial of Mr. Delgado's application for compassionate release still apply in full force today. *See* Dkt. No. 186. The Court incorporates that analysis here. Even if the reason suggested by Mr. Delgado did constitute an "extraordinary and compelling" reason for his release—and it does not—the Court does not believe that his release now is warranted.

In sum, having considered all of the information presented to the Court in connection with this application, the Court does not believe that a reduction in Mr. Delgado's sentence is warranted. Because his motion does not present any viable basis for his release, the Court denies his application for the appointment of counsel. Mr. Delgado's motion is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 189, and to mail a copy of this order to Mr. Delgado by first class mail.

SO ORDERED.

Dated: October 2, 2021
New York, New York

GREGORY H. WOODS
United States District Judge